**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **JONATHAN HARRISON,** | : | |
| | : | Civ. Action No. 17-4296 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| | : | |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BUMB**, District Judge:

Plaintiff Jonathan Harrison, a prisoner incarcerated in FCI Fort Dix, in Fort Dix, New Jersey, filed this civil action under the Federal Tort Claims Act on June 13, 2017. (Compl., ECF No. 1.) Plaintiff seeks to proceed without prepayment of fees ("*in forma pauperis*" or "IFP"), pursuant to 28 U.S.C. § 1915(a). (IFP App., ECF No. 1-2.) His application establishes his financial eligibility to proceed *in forma pauperis*.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review a prisoner's complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

For the reasons discussed below, the Court will permit the complaint to proceed against the United States of America.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

Plaintiff asserts jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). (Compl., ECF No. 1, ¶1.) Plaintiff alleges he filed an administrative tort claim with the Federal Bureau of Prisons on June 15, 2016, and it was denied on January 3, 2017. (Id., ¶2.) The defendants are the Federal Bureau of Prisons, Dr. Debra Spotts, Jay Miller, J. Reid, S. Sholder, the United States of America, Dr. Estos, Regina Bradley, Mr. Perkins, and Dr. McKenzie. (Compl., ECF No. 1, ¶¶1-3, 5f-g.)

The Court accepts the following factual allegations as true for the purpose of screening the Complaint pursuant to §§ 1915(e)(2)(B) and 1915A(b). On June 25, 2010, Plaintiff was examined by Dr. Jay Miller and Dr. Leonard Weber at FCC Allenwood Correctional Facility. (Compl., ECF No. 1, ¶5a-c.) Dr. Miller diagnosed Plaintiff with an enlarged optical nerve. (Id.) No report was generated indicating that Plaintiff needed a retina examination. (Id., ¶5c.)

In 2014, Plaintiff suffered vision loss, and he was examined by an optometrist at FCI Estill, South Carolina. (Id., ¶5d.) Plaintiff's request to see a retina specialist was denied. (Id., ¶5e.) Plaintiff alleges Dr. Jay Miller, Dr. Debra Spotts, Dr. Estos, and J. Reid were negligent in providing medical care. (Id., ¶5f.) Plaintiff further alleges Defendants

4

Regina Bradley, Mr. Perkins, and Dr. McKenzie were negligent in failing to diagnose his condition. (Id., ¶5g.) Plaintiff requests money damages for relief. (Id., ¶6.)

The only proper defendant to an FTCA claim is the United States of America. Therefore, the Court will dismiss the Federal Bureau of Prisons and the federal employees from this action. The FTCA claim against the United States of America will be allowed to proceed.

III. VENUE

Although Plaintiff is presently confined in New Jersey, none of the alleged misconduct occurred in New Jersey. This raises the issue of whether New Jersey is the most convenient venue for this action. 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

An FTCA claim "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). All of the alleged negligence occurred in Allenwood, Pennsylvania and Estill, South Carolina.[1] Therefore, the Court will require the

---

[1] It is not clear from the Complaint where each of the medical professionals who are accused of negligence treated Plaintiff.

parties to show cause why the case should not be transferred to the United States District Court, District of South Carolina or the United States District Court, Middle District of Pennsylvania.

IV. CONCLUSION

For the reasons stated above, the Complaint may proceed against the United States of America as the sole defendant. The remaining defendants are terminated from this action. The parties shall show cause why the case should not be transferred to the United States District Court, District of South Carolina, or the United States District Court, Middle District of Pennsylvania.

An appropriate order follows.

DATE:  October 23, 2017

>                             s/Renée Marie Bumb
>                             **RENÉE MARIE BUMB**
>                             **United States District Judge**