**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| **JONATHAN HARRISON,** | |
| **Plaintiff,** | Civ. No. 17-4296 (RMB) |
| v. | |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, | OPINION |
| **Defendants.** | |

This matter comes before the Court upon Plaintiff's motions to appoint pro bono counsel in this FTCA action, (Mot. to Appoint Pro Bono Counsel, ECF Nos. 8 and 18), and the parties' responses to this Court's order to show cause why venue should not be transferred to the United States District Court, District of South Carolina or United States District Court, Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). (Opinion and Order, ECF Nos. 2, 3.)

I.  BACKGROUND

On October 23, 2017, this Court screened Plaintiff's FTCA action pursuant to 28 U.S.C. §§ 1915A, and 1915(e)(2)(B), and permitted Plaintiff's FTCA claim to proceed only against the United States as defendant. (Opinion and Order, ECF Nos. 2, 3.) Noting that an FTCA claim "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission

complained of occurred" and that "all of the alleged negligence occurred in Allenwood, Pennsylvania and Estill, South Carolina," this Court required the parties to show cause why the case should not be transferred to the Middle District of Pennsylvania or the District of South Carolina. (Opinion and Order, ECF Nos. 2, 3.)

Upon service of the summons and complaint, Defendant filed a motion to dismiss or in the alternative to transfer to the District of South Carolina. (Def's Mot to Dismiss, ECF No. 13.) In support of the alternative motion to transfer to the District of South Carolina, Defendant submits that although Plaintiff is currently incarcerated in New Jersey, the alleged acts or omissions giving rise to the exhausted FTCA claim[1] occurred while he was incarcerated in FCI Estill, South Carolina. (Def's Brief, ECF No. 13-1 at 19.) Plaintiff's current residence is the only connection between this action and New Jersey. (*Id.*)

The claim arose in South Carolina and nearly all the witnesses reside there. (*Id.*) Due to the distance between New Jersey and South Carolina, Federal Rule of Civil Procedure 45(c)[2] may render

---

[1] Defendant submitted a copy of Plaintiff's FTCA claim form and the response to that claim by the Federal Bureau of Prisons. (Declaration of Amy Williams ("Williams Decl.,") ECF No. 13-2, ¶¶8, 9; Exhibits to Williams Decl., ECF No. 13-3.)

[2] Federal Rule of Civil Procedure 45(c)(1)(A), regarding the place for compliance to a subpoena, provides, "(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of

2

certain witnesses unavailable for trial. (Def's Brief, ECF No. 13-1 at 19.) Additionally, the District of South Carolina more regularly applies substantive South Carolina tort law, which Defendant maintains will apply to the FTCA claim. (*Id.*) There is also a public interest in adjudicating local controversies where they arise. (*Id.*) Thus, for the convenience of witnesses and in the interest of justice, Defendant asserts that this action (if not dismissed) should be transferred to the District of South Carolina). (*Id.* at 20.)

Plaintiff filed an opposition to the motion to transfer. (Pl's Opp. to Mot. to Transfer, ECF No. 17.) Plaintiff asserts that he resides in this judicial district, and his choice of forum "should not be disturbed unless the balance of convenience is strongly in favor of the party seeking transfer." (Pl's Opp. to Mot. to Transfer, ECF No. 17 at 1.)

Plaintiff notes that all facts occurring after November 2016 that are alleged in the complaint arose in this judicial district, and virtually all treatment for his injury occurred in this district. (*Id.* at 2.) Plaintiff, however, states his vision loss, "the principal injury that is the subject of this suite [sic] occurred in Estill, South Carolina, 2 years after Plaintiff had left White Deer, Pennsylvania." (*Id.*) However, Plaintiff then

---

where the person resides, is employed, or regularly transacts business in person; …"

states, "the principal acts and omissions actually in dispute in this action occurred in this district." (Pl's Opp. to Mot. to Transfer, ECF No. 17 at 2.)

Plaintiff further contends that he will call as witnesses two or three New Jersey doctors who have subsequently treated his eye injury. (Pl's Opp. to Mot. to Transfer, ECF No. 17 at 4-5; Exhibits in Supp. of Pl's Mot. in Opp. to Transfer, ECF No. 17 at 10-15.) He contends that travel to South Carolina is prohibitively expensive, making trial more convenient in New Jersey. (Id. at 4-6.) Plaintiff asserts that the expert Defendant will call resides in White Deer, Pennsylvania. (Id. at 6.)

In reply, Defendant notes Plaintiff concedes the principal injury that is the subject of this suit occurred in Estill, South Carolina, and none of the employees involved with the injury are in the District of New Jersey. (Def's Reply, ECF No. 19.) Further, Defendant suggests that Plaintiff may have mistakenly filed an amended complaint in this action, adding new allegations that he intended to file in a similar civil action in the Middle District of Pennsylvania, in response to Defendant's motion to dismiss filed in that action on October 30, 2017. (*Id.*, citing *Harrison v. United States*, 17cv01333 (M.D. Pa. Oct. 30, 2017, ECF No. 13.)

II. DISCUSSION

Defendant appears to be correct that Plaintiff may have mistakenly filed his motion for leave to amend the complaint in

this action although he had intended to file it in his Middle District of Pennsylvania action. In his motion for leave to amend, Plaintiff stated, "Plaintiff makes this motion at this time because on October 30, 2017, defendant United States of America filed a motion to dismiss this complaint …" (Pl's Mot. For Leave to File Am. Compl., ECF No. 14 at 2.) Defendant filed its motion to dismiss the complaint in this action on March 19, 2018, whereas Defendant filed a motion to dismiss the action in the Middle District of Pennsylvania on October 30, 2017.[3] The parties agree the Middle District of Pennsylvania is not the most convenient venue for the present action.

Upon screening Plaintiff's complaint, this Court permitted Plaintiff's exhausted FTCA claim to proceed. (Opinion and Order, ECF Nos. 2, 3.) Defendant has submitted Plaintiff's FTCA claim and the Bureau of Prison's ("BOP") response denying the claim. (Declaration of Amy Williams ("Williams Decl.,") ECF No. 13-2, ¶¶8, 9; Exhibits to Williams Decl., ECF No. 13-1 at 3.) The BOP received Plaintiff's FTCA claim on or about July 2016. (Williams Decl., ECF No. 13-2, ¶8.) It is apparent that Plaintiff did not exhaust any FTCA claims about medical treatment he received at FCI Fort Dix in November 2016 or thereafter because he filed his claim before that time. A court cannot entertain FTCA claims not fully

---

[3] The docket of the action in the Middle District of Pennsylvania is available at www.PACER.gov, Civil Action No. 17-1333.

5

exhausted at the administrative level. See Hoffenberg v. Provost, 154 F. App'x 307, 310 (3d Cir. 2005) (per curiam) (holding District Court properly dismissed FTCA claim where administrative claim was still pending before the BOP when the plaintiff filed suit in the United States District Court.)

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Third Circuit, recognizing "there is no definitive formula or list of the factors to consider," identified twelve public and private interests that may be considered in weighing whether to transfer an action to another district. Jumara v. State Farm Ins., 55 F.3d 873, 879-80 (3d Cir. 1995). The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879.

The private interest factors include: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) where

6

the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that they could not be produced in the alternative forum). Jumara, 55 F.3d at 879-80.

All events giving rise to the complaint and most witnesses are in South Carolina; therefore, the ease or expense of trial favors venue there. It is not known whether the administrative difficulty from court congestion favors New Jersey or South Carolina. Local interest and public policy favor litigating in South Carolina, where the alleged malpractice occurred. The location of books and records favor litigation in South Carolina, although presumably documents could be produced in either forum. Overall, the public interest factors weigh more heavily in favor of venue in South Carolina.

Plaintiff has chosen New Jersey as his choice of forum, which is entitled to more weight than Defendant's choice of South Carolina. However, the events giving rise to the suit occurred in South Carolina, which is a factor favoring venue there.

Plaintiff would have to be transported to South Carolina for trial, and he is less financially able to cover the cost than the United States Government. On the other hand, the convenience of

the witnesses, to the extent they may be unavailable for trial under the court's subpoena power favors South Carolina. Presumably the parties will retain experts who are willing to travel if necessary. The court notes *pro bono* counsel may be appointed to plaintiff in either forum, pursuant to 28 U.S.C. § 1915(e)(1).

III. CONCLUSION

When all factors, public and private, are considered together, they favor venue in South Carolina. Therefore, the Court will transfer venue to South Carolina without deciding Defendant's motion to dismiss.[4] An appropriate order follows.


Date:   June 20, 2018

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**

---

[4] The Court notes one of the factors favoring venue in South Carolina is that Defendant asserts the complaint must be dismissed pursuant to South Carolina's substantive tort law, which is better decided by a court in South Carolina.